[No. 5194.]
[No. 2804 C. A.]

## THE FLORENCE OIL AND REFINING COMPANY v. McCUMBER.

1. **Cancellation of Instruments—Sufficiency of Complaint to Warrant Decree.**

In an action to cancel an oil lease, the complaint alleged the execution of a lease running for twenty years, which provided that lessee should sink three wells within fifteen months and make payment therefor and pay a fixed royalty, and make monthly payment to prevent a forfeiture upon failure to sink the wells within the time specified; and further alleged a failure to sink the wells and default in other provisions of the lease, including that relating to forfeiture, and that lessee refused to cancel the lease. Held, that the complaint contains substantially all the necessary averments to warrant the court in decreeing cancellation.—P. 368.

2. **Appellate Practice—Cancellation of Instruments—Variance—Objection Appearing for First Time on Appeal.**

In an action to cancel a lease, an objection that there was a variance between the evidence and the pleadings first urged on appeal, will not be considered.—P. 368.

3. **Appellate Practice—Writ Prosecuted for Purpose of Delay—Penalty.**

Where it is apparent that a writ of error is prosecuted for mere purposes of delay and to unnecessarily harass and annoy the defendant in error, if the judgment below is a money judgment, the appellate court should assess a penalty against the plaintiff in error for unjustifiably prolonging the litigation. Dictum.—P. 368.

*Appeal from the District Court of Fremont County. Hon. Morton S. Bailey, Judge.*

Action by Philip A. McCumber against The Florence Oil and Refining Company. From a judgment for plaintiff, defendant brings error.

*Affirmed.*

Mr. JAMES T. LOCKE, for plaintiff in error.

Messrs. TAYLOR & COOPER, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action to cancel an oil lease, and to recover penalties thereunder. From the judgment, denying a money recovery but decreeing a cancellation, in plaintiff's favor, the defendant comes here by writ of error.

The only error relied on is that the judgment is not responsive to the pleadings. The complaint alleges that, in 1892, the plaintiff, McCumber, executed in writing an "oil lease" of certain lands in Fremont county to the defendant corporation to run for a period of twenty years. The lease required the lessee, within fifteen months, to sink to a certain depth three wells, for which it agreed to pay certain sums of money, and of the oil produced from said premises a fixed royalty. Until these wells were sunk, the lessee was to pay the lessor a stipulated amount each month, while another clause was, that if the lessee failed to sink the wells within the time and in the manner provided for in the lease, then, to prevent a forfeiture thereof, the lessee must pay a certain other sum per month for each of the three wells not sunk until the same were fully completed.

This action was begun in 1898, and, from the complaint, it appears that, while the defendant company, for a short time, made the early designated monthly payments, it wholly failed to sink any wells which it was required to do, and entirely disregarded the other provisions of the lease to be kept by it, including that relating to forfeiture, and that, notwithstanding such default, the lessee still refuses to can-

cel the lease, and the plaintiff asks for a judgment and decree for the amount of money due him under the terms of the lease, and for cancellation.

The answer admits the substantial averments of the complaint, and says that defendant has never dug, drilled or bored on the premises any well for oil, or paid the alleged penalty for not so doing, and that it never entered into possession of the premises under the agreement or otherwise.

The only testimony was that of the plaintiff himself, from which it clearly appears that all of the material allegations of the complaint, upon which the decree of the court was based, were established. The complaint, though it may not be quite so full and explicit as desired, contains substantially all the necessary averments to warrant the court in decreeing cancellation. There is no merit whatever in the contentions of plaintiff in error to the contrary, and there is no valid excuse for bringing the case here for review. Defendant did not object at the trial that there was a variance, or that the evidence was not within the issues. That particular objection appears first in the assignment of errors. It not only comes too late, but it is not good. The record shows that defendant sued out this writ two or three days before the expiration of the three years from the date of the rendition of the judgment within which time the same could issue. It is quite apparent that the writ is prosecuted for mere purposes of delay, and unnecessarily to harass and annoy the defendant in error. If the judgment below were a money judgment, we would assess a penalty against the plaintiff in error for unjustifiably prolonging this litigation.

The judgment is affirmed.          *Affirmed.*

Chief Justice Gabbert and Mr. Justice Steele concur.